UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TYRONE BROWN,**<br><br>Plaintiff,<br><br>vs.<br><br>**RYAN SMITH, ET. AL.,**<br><br>Defendants, | 2:24-CV-12856 TGB-CI<br><br>**FINAL ORDER REQUIRING SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED OFFICIAL AND A CURRENT COMPUTERIZED TRUST FUND STATEMENT OF ACCOUNT** |

Plaintiff Tyrone Brown is a state inmate confined at the Oakland County Jail in Pontiac, Michigan. On October 29, 2024, Brown filed a civil rights complaint with this Court. ECF No. 1. On November 22, 2024, Magistrate Judge David R. Grand signed an order of deficiency. ECF No. 9. The order required Brown to provide a signed certification of his jail trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in Brown's institutional trust fund account for the past six months; the order alternatively allowed Brown to pay the $350.00 dollar filing fee,

1

plus the $ 55.00 administrative fee. *Id.* Brown was given thirty days to comply with the order.

Brown has now submitted a computerized trust fund statement of account. ECF No. 10. The account, however, shows the history of the financial transactions in his institutional trust fund account for a period of time beginning on October 26, 2023 and ending on April 6, 2024. *Id.* PageID.28. The trust account statement provided by Brown also does not include a financial certificate signed by Brown's custodian or designee.

Section 1915(a)(2) of Title 28 of the United States Code requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison or jail at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district

court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Brown's current trust fund statement is inadequate because it does not show the financial transactions in his jail trust account for the entire six-month period immediately preceding the filing of the complaint on October 29, 2024, but instead ends on April 6, 2024, over six months prior to the filing of the current complaint. The account statement only takes into account a little over five months of Brown's financial activities, beginning on October 26, 2023. The current trust fund statement is inadequate to cure the deficiency because it does not contain a current

3

and complete six-month computer printout of the deposits and withdrawals from Brown's trust account. *See Dixon v. Hofbauer*, 53 F. App'x 313 (6th Cir. 2001).

The current application is also insufficient to grant pauper status because it is uncertified. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 F. App'x 208, 209–10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2:08-CV-15168, 2009 WL 224548, * 1 (E.D. Mich. Jan. 30, 2009) (Rosen, C.J.).

Brown claims in the letter that he sent with the old trust account statement that he is unable to fully comply with the order because county jail staff have not given him any assistance helping him with preparing his complaint by providing him copies of the paperwork or printouts needed for him to file his complaint. ECF No. 10.

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow a prisoner to correct a deficiency in his pleadings. *See McGore v. Wrigglesworth*, 114

4

F.3d at 605. Based on the circumstances of this case, the Court believes that Brown is entitled to an extension of time to attempt to fully correct the deficiency.

Accordingly, unless Brown chooses to pay the filing fee of $350.00 in full, the Court **ORDERS** him to provide a financial certificate signed by his custodian or designee and a current computerized trust fund statement of account showing the history of the financial transactions in Brown's institutional account **for the last six months**. If Brown does not provide the requested information to the United States District Court within **thirty (30) days** of this Order, his Complaint shall be **DISMISSED**.

Dated: January 6, 2025

                                                            /s/ Terrence G. Berg
                                                      HON. TERRENCE G. BERG
                                                      UNITED STATES DISTRICT JUDGE